Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

| | |
|---|---|
| IN RE:<br><br>DERICK PATRICK MEADOWS,<br><br>Debtor. | CASE NO. 5:16-bk-50232<br><br>CHAPTER 7<br><br>JUDGE FRANK W. VOLK |

**MEMORANDUM OPINION AND ORDER
APPROVING DEBTOR'S REAFFIRMATION AGREEMENT
WITH SHEFFEIELD FINANCIAL**

On November 17, 2016, Debtor Derick Patrick Meadows appeared *pro se* for a hearing on the proposed reaffirmation agreement with Sheffield Financial (Docket No. 14). Sheffield Financial did not appear.

The Court expressed its inclination to approve Mr. Meadow's reaffirmation, contingent upon his knowing and voluntary decision to do so, along with an understanding of the consequences of reaffirmed debt.

Pursuant to 11 U.S.C. § 524(c)(2), a reaffirmed debt becomes a personal legal obligation of the debtor that survives bankruptcy. It is not discharged with the bankruptcy case. A debtor's obligation to pay the reaffirmed debt thus continues after dismissal or discharge. If a debtor defaults on a reaffirmed debt, the creditor may begin foreclosure proceedings. If the creditor repossesses and sells the collateral and a deficiency remains, the debtor is liable for that balance. A deficiency balance, like a reaffirmed debt, is nondischargable in bankruptcy and remains the debtor's obligation following the dismissal or discharge. A debtor may rescind a reaffirmation

agreement either before discharge in bankruptcy or before expiration of the 60-day period following the date the agreement was filed with the Court, whichever occurs later.

It is, accordingly, **ORDERED** that the Reaffirmation Agreement between Mr. Meadows and Sheffield Financial be, and hereby is, **APPROVED**.